```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**KEITH MARTIN MOLINEAUX, JR.,**

    **Plaintiff,**

**v.**                              **Case No. 2:10-cv-00940**

**WEST VIRGINIA STATE POLICE,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff has filed a Complaint under 42 U.S.C. § 1983 (docket # 2) and an Application to Proceed Without Prepayment of Fees and Costs (# 1). Plaintiff is currently an inmate at the Mount Olive Correctional Complex, serving a sentence for Sexual Assault in the First Degree. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff's Complaint concerns his request for copies of a lab report concerning test results on evidence collected in his criminal case. The Complaint states in pertinent part:

    A.    I wrote the West Virginia State Police at 725 Jefferson Road, South Charleston, WV 25309. Requesting copies of lab test which was done in my case on the following items. Lab Report F-02-4-1.

        1.    All clothing, boot, shoes, etc. which was tested for blood and bodily fluids.

        2.    Any and all items which was tested.

B.    On December 15, 2009, I received a response for my request from the West Virginia State Police. In that letter (letter enclosed) Mr. John A. Hoyer said in order for me to receive a copy of that lab report, their [sic; there] is a $20.00 fee. Upon receiving the $20.00 fee the report would be furnished to me.

C.    On January 14, 2010, I wrote the trustee clerk asking her to take $20.00 off my account and send a $20.00 check to the West Virginia State Police in the name of Mr. John A. Hoyer. On January 28, 2010, the check was mailed to Mr. Hoyer with a short letter reminding him what the $20.00 was for (check enclosed).

D.    I waited 30 days with no response and wrote him another letter on 3/10/10 which I did have notarized and certified. (letter enclosed) also copy of receipt certified. Again I waited another 30 days and with no response. I mailed a[] Freedom of Information Act [request] along with a short letter (Both enclosed) asking for copies of those lab reports which I mailed on 4/27/10. Again no response.

(# 2 at 4). Plaintiff's request for relief states:

    I want every copy of every record of all items which was tested in my case. All copies of DNA tests, finger print, any and all reports of gun, clothing, boots, etc. with that being said I need the court to order the West Virginia State Police Crime Law to hand over all records of the DNA test which was done on all pants, shirts, boots, etc.

    I would like for the court to give them (7) seven working days to hand over all copies of lab test. Also the officer who sign for those reports and sent to McDowell Police Department when test was done. And the name of the officer who sent them to the lab to be tested.

(Id. at 6-7).

The undersigned's staff inquired of the West Virginia State Police's legal counsel concerning the status of Plaintiff's request for the lab report. By facsimile received on September 29, 2010, and by United States Mail received on September 30, 2010, Mr. John A. Hoyer, Assistant Attorney General and Legal Counsel for the West Virginia State Police informed the court as follows:

> Based upon information and belief, Mr. Molineaux is in possession of the West Virginia Forensic Laboratory Report for his case F-02-4-1. Mr. Molineaux is not going to be sent the gun, boots, clothing, bullets, etc. he additionally requests. The referenced individual made a request under the West Virginia Freedom of Information Act for the Report prepared by the Forensic Lab. He was informed by this office on December 15, 2009 that said report had been located and he would be provided the same upon receipt of the $20.00 fee.
>
> Mr. Molineaux sent a check for the document on the inmate trust account but made the same payable to the undersigned personally which could not be tendered. He was notified and the check returned but was sent a copy of the report inadvertently by another employee and asked to send payment for the same made payable to the West Virginia State Police. To date, the West Virginia State Police have not been paid for the fees associated with the production of the report.

The Clerk is directed to docket Mr. Hoyer's response. Based upon Mr. Hoyer's response indicating that Plaintiff has been provided with a copy of the West Virginia State Police Forensic Lab's report in his criminal case, it appears to the court that Plaintiff's Complaint and request for relief contained therein is moot. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action as moot, and **DENY AS MOOT** Plaintiff's Application to Proceed Without Prepayment

of Fees and Costs (# 1).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff.

September 30, 2010          _Mary E. Stanley_
          Date               Mary E. Stanley
                             United States Magistrate Judge